UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

IN RE: META MATERIALS, INC.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: _12/11/2025_

**ORDER**

25-MC-453 (LAK) (HJR)

**HENRY J. RICARDO, United States Magistrate Judge.**

On December 10, 2025, the undersigned held a conference with the Parties to address the Nasdaq Stock Market LLC's October 15, 2025 motion to quash subpoenas (the "Motion"). ECF No. 1. For the reasons articulated in the transcript from the December 10, 2025 conference, the undersigned hereby transfers the Motion under Rule 45(f) of the Federal Rules of Civil Procedure to the U.S. Bankruptcy Court for the District of Nevada.

The Clerk of Court is respectfully directed to transfer this case to the U.S. Bankruptcy Court for the District of Nevada and to terminate the Motion at ECF No. 1.

**SO ORDERED.**

Dated: December 11, 2025
      New York, New York

Henry J. Ricardo
United States Magistrate Judge

1

CASREF,ECF

# U.S. District Court
## Southern District of New York (Foley Square)
## CIVIL DOCKET FOR CASE #: 1:25-mc-00453-LAK-HJR

In Re: Meta Materials, Inc.                          Date Filed: 10/15/2025
Assigned to: Judge Lewis A. Kaplan
Referred to: Magistrate Judge Henry J Ricardo
Case in other court: US Bankruptcy Court for the District of
                     Nevada, 3:24-50792-hlb
Cause: M 08-85 Motion to Quash

**In Re**

**The Nasdaq Stock Market LLC**              represented by   **Jacquelyn Nicole Schell**
                                                              Ballard Spahr LLP (NYC)
                                                              1675 Broadway, 19th Floor
                                                              New York, NY 10019
                                                              646-346-8048
                                                              Fax: 212-223-1942
                                                              Email: schellj@ballardspahr.com
                                                              *LEAD ATTORNEY*
                                                              *ATTORNEY TO BE NOTICED*

**Plaintiff**

**Meta Materials, Inc.**

**Trustee**

**Christina Lovato**                          represented by   **David Dyer Burnett**
                                                              Schneider Wallace Cottrell Kim LLP
                                                              1050 30th Street NW
                                                              Washington, DC 20007
                                                              415-421-7100
                                                              Fax: 415-421-7105
                                                              Email: dburnett@schneiderwallace.com
                                                              *LEAD ATTORNEY*
                                                              *ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 10/15/2025 | 1 | MISCELLANEOUS CASE INITIATING DOCUMENT - MOTION to Quash Non-Party Subpoena . Other Court Name: United States District Court - District of Nevada. Other Court Case Number: 3:24-50792-hlb. (Filing Fee $ 52.00, Receipt Number ANYSDC-31854128)Document filed by The Nasdaq Stock Market LLC. (Attachments: # 1 Exhibit CR45 Subpoena, # 2 Exhibit CR2004 Subpoena, # 3 Exhibit Nasdaq Objection Letter, # 4 Exhibit Trustee's Amended Request, # 5 Exhibit Nasdaq's Initial Production Letter)(Schell, Jacquelyn) (Entered: 10/15/2025) |

| | | following link: https://nysd.uscourts.gov/sites/default/files/2018-06/AO-3.pdf. (vba) (Entered: 10/31/2025) |
|---|---|---|
| 11/03/2025 | 7 | ORDER REFERRING CASE TO MAGISTRATE JUDGE. Order that case be referred to the Clerk of Court for assignment to a Magistrate Judge for Specific Non-Dispositive Motion/Dispute: ECF No.1, General Pretrial (includes scheduling, discovery, non-dispositive pretrial motions, and settlement) Referred to Magistrate Judge Henry J Ricardo. SO ORDERED. Motions referred to Henry J Ricardo. (Signed by Judge Jennifer H. Rearden on 11/3/2025) (jca) (Entered: 11/03/2025) |
| 11/07/2025 | | NOTICE OF CASE REASSIGNMENT to Judge Lewis A. Kaplan. Judge Jennifer H. Rearden is no longer assigned to the case. (tro) (Entered: 11/07/2025) |
| 11/17/2025 | 8 | NOTICE OF APPEARANCE by David Dyer Burnett on behalf of Christina Lovato..(Burnett, David) (Entered: 11/17/2025) |
| 11/19/2025 | 9 | ORDER with respect to 1 Motion to Quash. By an Order of Reference dated November 3, 2025, the under signed was referred for general pretrial and to address the motion to quash at ECF No. 1. ECF No. 7. A conference is scheduled on December 10, 2025 at 10:00 a.m. by telephone to discuss the motion to quash. Counsel should contact chambers using the Court's conference line, + 1 646-453-4442 (Conference ID: 466 527 286#). SO ORDERED. (Signed by Magistrate Judge Henry J Ricardo on 11/19/2025) (jjc) (Entered: 11/19/2025) |
| 11/19/2025 | | Set/Reset Hearings: Telephone Conference set for 12/10/2025 at 10:00 AM before Magistrate Judge Henry J Ricardo. (jjc) (Entered: 11/19/2025) |
| 12/08/2025 | 10 | MOTION for James B. Zack to Appear Pro Hac Vice . Filing fee $ 200.00, receipt number ANYSDC-32102409. **Motion and supporting papers to be reviewed by Clerk's Office staff.** Document filed by The Nasdaq Stock Market LLC. (Attachments: # 1 Proposed Order to Motion to Appear Pro Hac Vice, # 2 Affidavit of James Zack, # 3 Exhibit A).(Schell, Jacquelyn) (Entered: 12/08/2025) |
| 12/09/2025 | | **>>>NOTICE REGARDING PRO HAC VICE MOTION. Regarding Document No. 10 MOTION for James B. Zack to Appear Pro Hac Vice . Filing fee $ 200.00, receipt number ANYSDC-32102409. Motion and supporting papers to be reviewed by Clerk's Office staff.. The document has been reviewed and there are no deficiencies. (bc) (Entered: 12/09/2025)** |
| 12/10/2025 | 11 | Minute Entry for proceedings held before Magistrate Judge Henry J Ricardo: Motion. Discovery. Telephone Conference held on 12/10/2025. See transcript for details. Transcript for this proceeding is available by utilizing the attached Order Form. (rdz) (Entered: 12/10/2025) |
| 12/10/2025 | 12 | ORDER FOR MOTION FOR ADMISSION PRO HACE VICE granting 10 Motion for James B. Zack to Appear Pro Hac Vice. IT IS HEREBY ORDERED that Applicant is admitted to practice Pro Hac Vice in the above captioned case in the United States District Court for the Southern District of New York. All attorneys appearing before this Court are subject to the Local Rules of this Court, including the Rules governing discipline of attorneys. (Signed by Magistrate Judge Henry J Ricardo on 12/10/2025) (sgz) (Entered: 12/10/2025) |
| 12/11/2025 | 13 | ORDER : On December 10, 2025, the undersigned held a conference with the Parties to address the Nasdaq Stock Market LLC's October 15, 2025 motion to quash subpoenas (the "Motion"). ECF No. 1. For the reasons articulated in the |

| 10/15/2025 | 2 | MISCELLANEOUS COVER SHEET filed..(Schell, Jacquelyn) (Entered: 10/15/2025) |
|---|---|---|
| 10/15/2025 | 3 | **FILING ERROR - CORPORATE PARENT/OTHER AFFILIATE NOT ADDED - RULE 7.1 CORPORATE DISCLOSURE STATEMENT.** No Corporate Parent. Document filed by The Nasdaq Stock Market LLC..(Schell, Jacquelyn) Modified on 10/16/2025 (lb). (Entered: 10/15/2025) |
| 10/16/2025 | | ***NOTICE TO ATTORNEY REGARDING DEFICIENT RULE 7.1 CORPORATE DISCLOSURE STATEMENT. Notice to Attorney Jacquelyn Nicole Schell to RE-FILE Document No. 3 Rule 7.1 Corporate Disclosure Statement,. The filing is deficient for the following reason(s): the corporate parent/other affiliate was not added;. Re-file the document using the event type Rule 7.1 Corporate Disclosure Statement found under the event list Other Documents - select the correct filer/filers - attach the correct signed PDF - when prompted with the message "Are there any corporate parents or other affiliates?", select the Yes or No radio button - If Yes - enter the corporate parent/other affiliate, click the Search button - select the correct corporate parent/other affiliate name from the search results list or if no person found, create a new corporate parent/other affiliate - select the party to whom the corporate parent/other affiliate should be linked - add corporate parent/other affiliate names one at a time. (lb) (Entered: 10/16/2025)** |
| 10/16/2025 | 4 | RULE 7.1 CORPORATE DISCLOSURE STATEMENT. Identifying Corporate Parent Nasdaq, Inc. for The Nasdaq Stock Market LLC. Document filed by The Nasdaq Stock Market LLC..(Schell, Jacquelyn) (Entered: 10/16/2025) |
| 10/20/2025 | 5 | RESPONSE to Motion re: 1 MISCELLANEOUS CASE INITIATING DOCUMENT - MOTION to Quash Non-Party Subpoena . Other Court Name: United States District Court - District of Nevada. Other Court Case Number: 3:24-50792-hlb. (Filing Fee $ 52.00, Receipt Number ANYSDC-31854 . Document filed by Christina Lovato. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D).(Burnett, David) (Entered: 10/20/2025) |
| 10/20/2025 | | Case Designated ECF. (vba) (Entered: 10/20/2025) |
| 10/20/2025 | | MISCELLANEOUS CASE OPENING INITIAL ASSIGNMENT NOTICE: The above-entitled action is assigned to Judge Jennifer H. Rearden. Please download and review the Individual Practices of the assigned District Judge, located at https://nysd.uscourts.gov/judges/district-judges. Attorneys are responsible for providing courtesy copies to judges where their Individual Practices require such. Please download and review the ECF Rules and Instructions, located at http://https://nysd.uscourts.gov/rules/ecf-related-instructions. .(vba) (Entered: 10/20/2025) |
| 10/24/2025 | 6 | REPLY to Response to Motion re: 1 MISCELLANEOUS CASE INITIATING DOCUMENT - MOTION to Quash Non-Party Subpoena . Other Court Name: United States District Court - District of Nevada. Other Court Case Number: 3:24-50792-hlb. (Filing Fee $ 52.00, Receipt Number ANYSDC-31854 . Document filed by The Nasdaq Stock Market LLC..(Schell, Jacquelyn) (Entered: 10/24/2025) |
| 10/31/2025 | | Magistrate Judge Henry J. Ricardo is designated to handle matters that may be referred in this case. Pursuant to 28 U.S.C. Section 636(c) and Fed. R. Civ. P. 73(b)(1) parties are notified that they may consent to proceed before a United States Magistrate Judge. Parties who wish to consent may access the necessary form at the |

| | | transcript from the December 10, 2025 conference, the undersigned hereby transfers the Motion under Rule 45(f) of the Federal Rules of Civil Procedure to the U.S. Bankruptcy Court for the District of Nevada. The Clerk of Court is respectfully directed to transfer this case to the U.S. Bankruptcy Court for the District of Nevada and to terminate the Motion at ECF No. 1. SO ORDERED. (Signed by Magistrate Judge Henry J Ricardo on 12/11/2025) (jca) Transmission to Office of the Clerk of Court for processing. (Entered: 12/11/2025) |
| 12/11/2025 | | Transmission to Docket Assistant Clerk. Transmitted re: 13 Order,,,, to the Docket Assistant Clerk for case processing. (jca) (Entered: 12/12/2025) |

# Ballard Spahr
LLP

‒ ‒ ‒ ‒ ‒ ‒ ‒ ‒ ‒ ‒ ‒ ‒ ‒ ‒ ‒ ‒

1675 Broadway, 19th Floor
New York, NY 10019-5820
TEL 212.223.0200
FAX 212.223.1942
www.ballardspahr.com

Jacquelyn Schell
Tel: 646.446.8048
Fax: 212.223.1942
SchellJ@ballardspahr.com

October 13, 2025

*By Electronic Filing*

U.S. District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

Re:    *In re Meta Materials, Inc.*, Motion to Quash Non-Party Subpoena in Underlying
       Bankruptcy Case No. 3:24-50792-hlb (U.S. Bankruptcy Court for the District of Nevada)

Your Honor:

We represent The Nasdaq Stock Market LLC ("Nasdaq"), a non-party on which Christina Lovato, in her capacity as the Chapter 7 Trustee (the "Trustee") for Meta Materials, Inc. (the "Debtor"), served two subpoenas in the above-referenced bankruptcy proceeding (the "Subpoenas"). *See* Exs. A, B. We write, pursuant to Fed. R. Civ. P. 45 and Local Civil Rule 37.2, to request a pre-motion conference in advance of Nasdaq's proposed motion to quash the Subpoenas. The Subpoenas are improper for two reasons: (i) because there is no "action" pending, their scope and purpose are impermissible under the bankruptcy laws, and (ii) even if the Subpoenas were legally permissible, compliance would impose an undue burden on Nasdaq.

## I.    Background

On August 9, 2024, the Debtor commenced a voluntary chapter 7 bankruptcy proceeding, and the Trustee was appointed to administer the Debtor's bankruptcy estate. *See In re Meta Materials, Inc.*, No. 3:24-50792-hlb (Bank. D. Nev.) (hereafter, "*In re Meta Materials*"), ECF Nos. 1, 3. The Trustee engaged four law firms as "special counsel" ("Special Counsel") to "investigate" potential claims and, if meritorious, pursue litigation related to suspected stock manipulation through illegal trading practices, such as naked short selling and spoofing. *Id.*, ECF Nos. 98, 105, 1956. Special Counsel conducted a "preliminary investigation" before the bankruptcy commenced that purportedly uncovered a fraudulent scheme involving "persistent and extensive spoofing" through "millions of 'Baiting Orders.'" *Id.*, ECF No. 98 at 2, 98-1 at 2. Special Counsel's pre-petition investigation was purportedly comprehensive, allegedly identifying "over 55 million shares of [Meta Materials] MMAT and 92 million shares of [Torchlight Energy Resources] TRCH that were impacted by this fraudulent activity and trading practices constituting the alleged market manipulation over several years." *Id.*, ECF No. 98-1 at 2. The Trustee has obtained approximately $11.8 million in litigation funding commitments. *Id.*, ECF No. 98-2 at 3-4.

The Trustee, having already conducted its "investigation," is now preparing for litigation against already-identified defendants. *Id.*, ECF No. 98-1 (summary of "potential litigation" against certain "potential defendants" or "targets"). The Trustee has launched a discovery campaign against certain financial institutions and regulators, including Nasdaq.



U.S. District Judge
October 13, 2025
Page 2

On March 6, 2025, the Trustee filed an *ex parte* motion for an order pursuant to Bankruptcy Rule 2004 requiring Nasdaq to appear for examination and produce documents. The Trustee sought an examination related to the Debtor's "assets, liabilities, and financial affairs" and how potential share price manipulation "affected Debtor's financial condition for possible recovery on behalf of Debtor's estate." *Id.*, ECF No. 1622. The Court granted the *ex parte* motion, but it limited the requested discovery to examination only. *Id.*, ECF No. 1644.

Nonetheless, on April 15, 2025, the Trustee served the Subpoenas on Nasdaq: (1) a subpoena commanding production of documents only in a bankruptcy case (the "CR45 Subpoena"), *see* Ex. A, and (2) a subpoena for Rule 2004 examination commanding testimony at an oral examination and production of documents (the "BR2004 Subpoena"), *see* Ex. B. The Subpoenas included one identical document production request (the "Request"). On April 17, 2025, Nasdaq timely objected to the Subpoenas. *See* Ex. C (Nasdaq's Objection Letter). On May 21, 2025, the bankruptcy court entered a stipulated protective order between Nasdaq and the Trustee. *Id.*, ECF No. 1955. The Trustee subsequently revised the Request, while the parties continued to reserve all rights and objections. *See* Ex. D (Trustee's amended Request).

On July 3, 2025, Nasdaq produced responsive documents for the period June 15, 2021 to December 15, 2021, which the Special Counsel had identified as the most important period. Special Counsel agreed to review the production in good faith to see whether it fully satisfied its needs under the Subpoenas, while Nasdaq reserved all rights and defenses to the Subpoenas. *See* Ex. E (Nasdaq's initial production letter). Following Nasdaq's initial production, however, the Special Counsel continued to demand compliance with the full Request, and the parties reached an impasse. In response to third-party motions to quash similar subpoenas, however, the Trustee has highlighted Nasdaq's production as an example of compliance. Counsel for Nasdaq further met and conferred on October 7, 2025, but were unable to resolve Nasdaq's objections and, following further consultation with clients, reached an impasse.

## II.    Argument

Nasdaq respectfully moves the Court to enter a protective order quashing the Subpoenas. This Court has jurisdiction over the enforcement of the Subpoenas because the Southern District of New York is "the district where compliance is required." Fed. R. Civ. P. 45(d)(3)(A). As explained below, this Court must quash the Subpoenas because they violate the Federal Rules of Civil Procedure ("Civil Rules") and Federal Rules of Bankruptcy Procedure ("Bankruptcy Rules").

### a.    The Request violates Civil Rule 45's pending "action" requirement.

The Request is included in both Subpoenas pursuant to Civil Rule 45, as adopted by Bankruptcy Rule 9016, not pursuant to Bankruptcy Rule 2004. Under Civil Rule 45, Nasdaq should not be required to comply with the Request under either of the Subpoenas because there is no "action" pending in the Debtor's bankruptcy case. Bankruptcy Rule 9016 provides that Civil Rule 45 "applies in a bankruptcy case." Civil Rule 45 generally authorizes a "party" to issue a subpoena commanding attendance at a deposition and/or production of documents. Civil Rule 45(a)(2) requires that every subpoena must "issue from the court where the action is pending." Therefore, there must be an "action" pending for a subpoena to be issued. Bankruptcy Rule 9002 provides that certain words used in the Civil Rules have specific meanings when a Civil Rule is made applicable by the Bankruptcy Rules, unless that meaning "is inconsistent with the context." Fed. R. Bankr. P. 9002. Bankruptcy Rule 9002(1) defines the word "action" to mean "an adversary proceeding or, when appropriate: a contested petition; a proceeding to vacate an order for relief; or a proceeding to determine any other contested matter." Thus, in a bankruptcy case, a subpoena

U.S. District Judge
October 13, 2025
Page 3

must issue from the court where the "adversary proceeding," "contested petition," "proceeding to vacate an order for relief," or "proceeding to determine any other contested matter," is pending. *In re Patel*, 16-65074-LRC, 2017 WL 377943, at *2 (Bankr. N.D. Ga. Jan. 26, 2017).

In the underlying *Meta Materials* bankruptcy, there are no "actions" pending for the Trustee to rely on as a predicate for issuing the Request under Civil Rule 45's subpoena powers. Accordingly, the Subpoenas should be quashed.

Other than Civil Rule 45, only one other avenue exists for the Trustee to issue a subpoena: "when no 'actions' are yet pending in a bankruptcy case, Bankruptcy Rule 2004 provides the only discovery tool for parties in interest to gather information." *Id.*; *see also In re Rochester Drug Coop., Inc.*, BR 20-20230-PRW, 2020 WL 5525798, at *2 (Bankr. W.D.N.Y. Sept. 11, 2020) ("This Court agrees with the holding of the *Patel* court."). But the Trustee cannot avail itself of this path, because the BR2004 Subpoena violates Bankruptcy Rule 2004's scope and purpose.

Under Bankruptcy Rule 2004, Nasdaq should not be required to comply with the BR2004 Subpoena because the Request and oral examination topics are beyond the scope of permissible inquiries and being used for an improper purpose. Additionally, Nevada local rules do not allow document requests under Bankruptcy Rule 2004, and, accordingly the Nevada Bankruptcy Court rejected the Trustee's motion for approval under this rule of a subpoena on Nasdaq to seek documents, permitting only the BR2004 Subpoena seeking oral examination.

### i.    The BR2004 Subpoena violates Bankruptcy Rule 2004's Scope.

Bankruptcy Rule 2004 provides that, on a party in interest's motion, the court may order the examination of any entity. Fed. R. Bankr. P. 2004(a). The scope of a Bankruptcy Rule 2004 examination is generally "unfettered and broad"; the rule essentially permits a "fishing expedition." *In re Mastro*, 585 B.R. 587, 596 (B.A.P. 9th Cir. 2018) (internal citations omitted). However, Bankruptcy Rule 2004 "is not without limits." *Id.* "It should not be used to abuse or harass. Nor should it stray into matters which are not relevant to the basic inquiry." *Id.* Even the specific topics allowed by Bankruptcy Rule 2004(b) "must be read in light of the general restriction of inquiry to the financial affairs of the debtor." *In re Johns-Manville Corp.*, 42 B.R. 362, 365 (S.D.N.Y. 1984).

Bankruptcy Rule 2004(b) specifically provides that the examination may relate "only" to: (i) the debtor's acts, conduct, or property; (ii) the debtor's liabilities and financial condition; (iii) any matter that may affect the administration of the debtor's estate; or (iv) the debtor's right to a discharge. Fed. R. Bankr. P. 2004(b). "Administration" concerns irrelevant matters such as distributing property. *See, e.g., In re Harper*, 557 B.R. 171, 176 (Bankr. D. Ariz. 2016). The debtor's "right to a discharge" is also inapplicable in a corporate chapter 7 case.

Here, the Trustee's *ex parte* motion under Bankruptcy Rule 2004 stated that the requested examination will relate to "the Debtors' assets, liabilities, and financial affairs" and is necessary to "ascertain the facts and circumstances surrounding potential manipulation of Debtor's share prices… how the manipulation affected Debtor's financial condition for possible recovery on behalf of Debtor's estate." That stated topic of the examination, and the Request, both seek information that is outside the scope of Bankruptcy Rule 2004(b) because it relates to other non-parties such as broker-dealers and third-party conduct (not the debtor) and seeks communications among non-debtors (not the debtor) about trading activity in the debtor's equity interests (not the debtor's assets, liabilities, or financial condition).

U.S. District Judge
October 13, 2025
Page 4

### ii. The BR2004 Subpoena violates Bankruptcy Rule 2004's Purpose.

It is "improper" to use Bankruptcy Rule 2004 to "circumvent the procedural safeguards provided a litigant by the [Civil] Rules." *In re GHR Energy Corp.*, 35 B.R. 534, 537 (Bankr. D. Mass. 1983) ("the scope of a Rule 2004 examination is broad... However, it must *first* be determined that the examination is proper... abuse of propriety and the judicial process certainly was never contemplated."); *see also In re Defoor Ctr., LLC*, 634 B.R. 630, 632 (Bankr. M.D. Fla. 2021); *In re Waddell*, 2025 WL 957733, at *7 (Bankr. S.D.N.Y. Mar. 28, 2025). Seeking information allegedly necessary to determine whether to bring a complaint when the requesting party is already "in a position to file an action against certain of the individuals and entities," is a quintessential example of improper use. *See, e.g., GHR Energy Corp.*, 35 B.R. at 537.

In this case, the Trustee (i) already has ample information from pre-bankruptcy investigations, (ii) has formally employed four law firms expressly in preparation for litigation against certain targets, and (iii) has obtained $11.8 million in litigation funding commitments. Accordingly, the BR2004 Subpoena should be quashed.

### iii. The BR2004 Subpoena violates Nevada's Local Bankruptcy Rules.

In addition, Nevada's Local Rules of Bankruptcy Practice 2004 and 9016 ("Nevada Rule 2004" and "Nevada Rule 9016") instruct that "[p]roduction of documents may not be obtained via an order under [Bankruptcy Rule] 2004," but may be "obtained via subpoena as provided by [Civil Rule] 45(a)(1)(C), as adopted by [Bankruptcy Rule] 9016"; and "[w]hen a party seeks documents... from the debtor or others in a case under the Bankruptcy Code separately from a deposition or an examination, the attorney for the party may issue and serve a subpoena duces tecum using Official Form 2570." *See* Nevada Rule 2004(c); Nevada Rule 9016(b).

The BR2004 Subpoena improperly includes the Request for documents along with the command to appear for examination. Therefore, the portion of the BR2004 Subpoena purporting to command document production should be quashed pursuant to the applicable local rules. *See, e.g., In re CWNevada LLC*, 602 B.R. 717, 721 (Bankr. D. Nev. 2019) ("It appears that the 2004 Subpoena commands both testimony and production of documents based on the CIMA 2004 Order. The latter command appears to run afoul of Local Rule 2004(c)."); *In re Aston-Nevada Ltd. P'ship*, 391 B.R. 84, 105 (Bankr. D. Nev. 2006), *vacated on other grounds*, 409 Fed. Appx. 107 (9th Cir. 2010) ("those who wish to compel the production of documents" must "issue or obtain a subpoena for such documents in accordance with Bankruptcy Rule 9016 (which incorporates [Civil Rule 45)."). Thus, even were the BR2004 subpoena permissible, its request for documents should be quashed as disallowed by the bankruptcy rules and the Bankruptcy Court's prior order.

### b. The Subpoenas are Overbroad, Irrelevant, and Unduly Burdensome.

Alternatively, the Subpoenas must be quashed because they impose an undue burden on Nasdaq. Fed. R. Civ. P. 45(d)(3)(A)(iii)-(iv) (courts "must" quash a subpoena that "subjects a person to undue burden"). The "party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena." Fed. R. Civ. P. 45(d)(1). "The party seeking discovery bears the initial burden of proving that the information and testimony sought in the subpoena are relevant and proportional to the needs of the case, and the burden then shifts to the party opposing discovery to show that the information sought is privileged or unduly burdensome." *Lelchook v. Lebanese Canadian Bank, SAL*, 670 F. Supp. 3d 51, 54-55 (S.D.N.Y. 2023). "When evaluating undue burden, the court

U.S. District Judge
October 13, 2025
Page 5

considers the relevance of the information sought, the party's need for the information, the breadth of the request, and the burden imposed." *Id.*

Here, the Subpoenas impose an undue burden for several reasons. *First*, the Subpoenas are facially overbroad; they request "all relevant records" related to orders of "any type" for shares of Meta, MMTLP, MMAT, TRCH, or other CUSIPs or legend identifiers. Exs. A, B. *See Alcon Vision, LLC v. Allied Vision Grp., Inc.*, 2019 WL 4242040, at *3 (S.D.N.Y. Sept. 6, 2019) (quashing non-party subpoena seeking "All Documents" related to several topics as unduly burdensome); *Lelchook*, 670 F. Supp. 3d at 55 (quashing subpoena seeking "all" documents).

*Second*, the Trustee has not explained how the requested order data for Meta, MMTLP, MMAT, and TRCH stocks for four years is relevant to its potential claims for market manipulation, including practices such as naked short selling and spoofing. Courts routinely quash subpoena premised on speculation that a non-party has relevant information. *See, e.g.*, *Delgado v. Donald J. Trump for President, Inc.*, 2024 WL 3730499, at *3 (S.D.N.Y. May 13, 2024) (quashing non-party subpoena that sought "any and all documents and communications" over a "one-and-a-half-year period" to be "overly burdensome," where it was "speculative" whether non-party had any relevant information). To the extent that the Trustee seeks the identities of investors who are suspected to have engaged in market manipulation, the Trustee's requests for MPIDs would not accomplish that objective, as exchanges like Nasdaq do not have visibility into who is placing orders beyond the executing brokers. *See generally City of Providence, Rhode Island v. Bats Global Markets, Inc.*, 2022 WL 902402, at *12 (S.D.N.Y. Mar. 28, 2022) (explaining that MPIDs "do not identify the investor on whose behalf a trade was made").

*Third*, the Trustee has made no showing that it cannot obtain the information it seeks by other means that would not burden Nasdaq, such as by seeking discovery from the suspected wrongdoers. Fed. R. Civ. P. 26(b)(2)(C) (courts "must limit" discovery where information sought "can be obtained from some other source that is more convenient, less burdensome, or less expensive"). Bankruptcy Rule 2004 does not permit an end-run around the nonparty protections in Rule 45. *See In re Enron Corp.*, 281 B.R. at 841 ("[C]ourts have expressed concern that Rule 2004 examinations [should] not be used as a tactic to circumvent the safeguards of the Federal Rules of Civil Procedure."). Indeed, the Federal Rules militate *against* permitting discovery where, as here, a litigant has not yet filed any claims. Fed. R. Civ. P. 26(b)(l), Adv. Comm. Notes to 2000 Amendment (litigants "have no entitlement to discovery to develop new claims or defenses that are not already identified in the pleadings"). In the interest of compromise, Nasdaq produced records for the six-month period that the Special Counsel identified as most important. With six months of documents in hand, the Special Counsel still has not been able to articulate a compelling basis or need for the Request or additional documents. Broadening the production, especially at this pre-litigation stage, to include an additional forty-two months of records would impose a burden on Nasdaq that is magnitudes greater than the burdens it has already incurred.

### III. Conclusion

For the foregoing reasons, Nasdaq respectfully requests that the Court schedule a pre-motion conference and grant it the relief requested herein.

Respectfully submitted,
*/s/ Jacquelyn Schell*
Jacquelyn Schell

# Exhibit A

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (12/15)

# UNITED STATES BANKRUPTCY COURT
### District of Nevada

In re META MATERIALS INC.,
        Debtor

*(Complete if issued in an adversary proceeding)*

Case No. 24-50792-hlb

Chapter 7

_____
               Plaintiff
               v.
_____
              Defendant

Adv. Proc. No. _____

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)

To: The Custodian of Records of THE NASDAQ STOCK MARKET LLC | One Liberty Plaza, 165 Broadway, New York, NY 10006
             *(Name of person to whom the subpoena is directed)*

☑ *Production*: **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: see "Items to be Produced" attached hereto, along with the attachment "Definitions and Instructions"

| PLACE   U.S. Legal Support<br>477 Madison Avenue, 6th Floor New<br>York, NY 10022 | DATE AND TIME<br>April 8, 2025 OR otherwise arranged with<br>Trustee Lovato's counsel (contact information<br>below) |
|---|---|

☐ *Inspection of Premises*: **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| PLACE | DATE AND TIME |
|---|---|
|  |  |

     The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: _____

        CLERK OF COURT

                   OR    /s/ Clayton P. Brust

_____       _____
*Signature of Clerk or Deputy Clerk*       *Attorney's signature*

The name, address, email address, and telephone number of the attorney representing *(name of party)*
Christine Lovato, Chapter 7 Trustee _____, who issues or requests this subpoena, are:
Clayton P. Brust, Esq. | Robison, Sharp, Sullivan & Brust, 71 Washington Street, Reno, NV 89503 | cbrust@rssblaw.com
### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (Page 2)

## PROOF OF SERVICE
### (This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

I received this subpoena for *(name of individual and title, if any)*: _____
on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____
_____
_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____
_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the
witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $ _____ .

My fees are $ _____ for travel and $_____ for services, for a total of $_____ .

        I declare under penalty of perjury that this information is true and correct.

Date: _____

                                        _____
                                                    *Server's signature*

                                        _____
                                                    *Printed name and title*

                                        _____
                                                    *Server's address*

Additional information concerning attempted service, etc.:

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
## (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
(i) is a party or a party's officer; or
(ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
(A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
(B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
(A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
(i) fails to allow a reasonable time to comply;
(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
(iv) subjects a person to undue burden.
(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
(i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
(i) expressly make the claim; and
(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
(B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.
...

**(g) Contempt.** The court for the district where compliance is required — and also, after a motion is transferred, the issuing court — may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

### DEFINITIONS AND INSTRUCTIONS
### DEFINITIONS

1.    "Acceptable Records" means records of such messages in the original format such data was saved (e.g., FIX log files or ASCII text).

2.    "Document" is defined to be synonymous in meaning and equal in scope to the usage of the term "documents or electronically stored information" in Fed. R. Civ. P. 34(a)(1)(A) and Local Civil Rule 26.3, and shall also be used to Include any "communication," as defined by Local Civil Rule 26.3. By definition, non-identical copies of the same document are different original documents, and different types of media containing identical information are different original documents.

3.    "ESI" or "electronically stored information," is defined to be any portion of data available only on a computer or other device capable of storing electronic data. ESI Includes, but is not limited to, email (whether conducted intra-company using company email addresses or conducted through an individual, non-company account, e.g., Bloomberg, Gmail, Yahoo!, or AOL), spreadsheets, databases, word processing documents, images, presentations, application files, executable files, log files, and all other files present on any type of device capable of storing electronic data. Devices capable of storing ESI Include, but are not limited to: servers, desktop computers, portable computers, handheld computers, flash memory devices, wireless communication devices, pagers, workstations, minicomputers, mainframes, and all other forms of online or offline storage, whether on or off company premises. ESI is meant to Include instant messages (such as Cisco Jabber, IBM Sametime, ICQ, Kik, BBM, and similar types of messages), cell phone text messages (SMS messages and MMS messages), and other similar types of messages. For any document kept in electronic form, the term "document" Includes all metadata associated with the document.

### INSTRUCTIONS

You are required to produce all non-privileged Documents in Your possession, custody, or control, including information in the possession, custody, or control of any of Your attorneys, directors, officers, agents, employees, representatives, associates, division affiliates, partnerships,

1

parents or subsidiaries, and persons under their control.

1.      Each Document requested shall be produced in its entirety, including, without limitation, attachments, enclosures, cover letters, memoranda and appendices. If a Document responsive to any request cannot be produced in full, it shall be produced to the extent possible with an explanation stating why production of the remainder is not possible.

2.      Each Document is to be produced along with all non-identical versions thereof in their entirety, without abbreviation or redaction.

3.      All Documents that respond, in whole or in part, to any portion of any request shall be produced in their entirety, including all attachments and enclosures.

4.      Unless otherwise stated in a specific request, these Requests seek responsive information and Documents authored, generated, disseminated, drafted, produced, reproduced, received, obtained, or otherwise created or distributed, concerning, or in effect during Relevant Time Period.

5.      If You object to part of a request, You must specifically state the basis of Your objections in accordance with Rule 34 of the Federal Rules of Civil Procedure, and produce all Documents called for by the portion of the request to which You do not object. In further accordance with Rule 34 of the Federal Rules of Civil Procedure, each objection must state whether any responsive materials are being withheld on the basis of that objection.

6.      If there are no Documents responsive to any particular request, the response shall state so in writing.

7.      In the event that any Document called for by these Requests is withheld on the basis of a claim of privilege or immunity, that Document is to be identified as required by Local Civil Rule 26.2.

8.      Each request herein shall be construed independently. No request shall be construed by reference to any other request for the purpose of limiting the scope of the answers to such request.

9.      Pursuant to Rule 34(b) of the Federal Rules of Civil Procedure, You shall produce responsive Documents as they have been kept in the usual course of business or shall organize

2

and label them to correspond to the enumerated requests of the demand.

10.    Documents, including ESI, will be produced pursuant to the ESI Protocol agreed to by the parties and/or ordered by the Court.

11.    These Requests shall be deemed continuing requests so as to require supplemental responses if You obtain or discover additional Documents between the time of initial production and the time of the trial. Such supplemental Documents must be produced promptly upon discovery. Plaintiffs specifically reserve the right to seek supplementary

**ITEMS TO BE PRODUCED**

Please note that all documents requested below are for the time frame of **September 21, 2020** through **August 7, 2024.**  These requested documents are in respect to Meta, MMTLP, or other CUSIPs or legend identifiers pertaining to Meta or MMTLP.

Request 1:

All messages relating to the processing of orders of any type for shares Meta and/or MMTLP using FIX or binary protocol or any other protocol used for similar purposes, in the original format the data was saved, including but not limited to client's MPID and short indicator marking, received by Nasdaq from a client broker-dealer of Nasdaq and sent by Nasdaq to a client broker-dealer of Nasdaq.

1

# Exhibit B

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (12/15)

# UNITED STATES BANKRUPTCY COURT

District of <u>NEVADA</u>

In re <u>META MATERIALS, INC.,</u>
                Debtor

Case No. <u>24-50792-hlb</u>

Chapter _____

## SUBPOENA FOR RULE 2004 EXAMINATION

To: <u>THE NASDAQ STOCK MARKET LLC | One Liberty Plaza, 165 Broadway, New York, NY 10006</u>

*(Name of person to whom the subpoena is directed)*

☑ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at an examination under Rule 2004, Federal Rules of Bankruptcy Procedure. A copy of the court order authorizing the examination is attached.

| PLACE | DATE AND TIME |
|---|---|
| U.S. Legal Support<br>477 Madison Avenue, 6th Floor<br>New York, NY 10022 | April 8, 2025 OR otherwise arranged with Trustee Lovato's counsel (contact information below) |

The examination will be recorded by this method: stenographic and/or audiovisual means

☑ *Production:* You, or your representatives, must also bring with you to the examination the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

See attachment titled "Items to be Produced" along with the attachment "Definitions and Instructions"

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: _____

CLERK OF COURT

OR    /s/ Clayton P. Brust

_____          _____
*Signature of Clerk or Deputy Clerk*          *Attorney's signature*

The name, address, email address, and telephone number of the attorney representing *(name of party)*
<u>Christina Lovato, Chapter 7 Trustee</u>  , who issues or requests this subpoena, are:

Clayton P. Brust | Robison, Sharp, Sullivan & Brust, 71 Washington Street, Reno, NV 89503 | cbrust@rssblaw.com

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (Page 2)

# PROOF OF SERVICE
### (This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

I received this subpoena for *(name of individual and title, if any):* _____
on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of  $ _____ .

My fees are $ _____ for travel and $_____ for services, for a total of $_____ .

        I declare under penalty of perjury that this information is true and correct.

Date: _____

                                        _____
                                                    *Server's signature*

                                        _____
                                                    *Printed name and title*

                                        _____
                                                    *Server's address*

Additional information concerning attempted service, etc.:

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (Page 3)

## Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
### (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
(i) is a party or a party's officer; or
(ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
(A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
(B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
(A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
(i) fails to allow a reasonable time to comply;
(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
(iv) subjects a person to undue burden.
(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
(i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
(i) expressly make the claim; and
(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
(B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.
...
**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

## DEFINITIONS AND INSTRUCTIONS

### DEFINITIONS

1.    "Acceptable Records" means records of such messages in the original format such data was saved (e.g., FIX log files or ASCII text).

2.    "Document" is defined to be synonymous in meaning and equal in scope to the usage of the term "documents or electronically stored information" in Fed. R. Civ. P. 34(a)(1)(A) and Local Civil Rule 26.3, and shall also be used to Include any "communication," as defined by Local Civil Rule 26.3. By definition, non-identical copies of the same document are different original documents, and different types of media containing identical information are different original documents.

3.    "ESI" or "electronically stored information," is defined to be any portion of data available only on a computer or other device capable of storing electronic data. ESI Includes, but is not limited to, email (whether conducted intra-company using company email addresses or conducted through an individual, non-company account, e.g., Bloomberg, Gmail, Yahoo!, or AOL), spreadsheets, databases, word processing documents, images, presentations, application files, executable files, log files, and all other files present on any type of device capable of storing electronic data. Devices capable of storing ESI Include, but are not limited to: servers, desktop computers, portable computers, handheld computers, flash memory devices, wireless communication devices, pagers, workstations, minicomputers, mainframes, and all other forms of online or offline storage, whether on or off company premises. ESI is meant to Include instant messages (such as Cisco Jabber, IBM Sametime, ICQ, Kik, BBM, and similar types of messages), cell phone text messages (SMS messages and MMS messages), and other similar types of messages. For any document kept in electronic form, the term "document" Includes all metadata associated with the document.

### INSTRUCTIONS

You are required to produce all non-privileged Documents in Your possession, custody, or control, including information in the possession, custody, or control of any of Your attorneys, directors, officers, agents, employees, representatives, associates, division affiliates, partnerships,

1

parents or subsidiaries, and persons under their control.

1.      Each Document requested shall be produced in its entirety, including, without limitation, attachments, enclosures, cover letters, memoranda and appendices. If a Document responsive to any request cannot be produced in full, it shall be produced to the extent possible with an explanation stating why production of the remainder is not possible.

2.      Each Document is to be produced along with all non-identical versions thereof in their entirety, without abbreviation or redaction.

3.      All Documents that respond, in whole or in part, to any portion of any request shall be produced in their entirety, including all attachments and enclosures.

4.      Unless otherwise stated in a specific request, these Requests seek responsive information and Documents authored, generated, disseminated, drafted, produced, reproduced, received, obtained, or otherwise created or distributed, concerning, or in effect during Relevant Time Period.

5.      If You object to part of a request, You must specifically state the basis of Your objections in accordance with Rule 34 of the Federal Rules of Civil Procedure, and produce all Documents called for by the portion of the request to which You do not object. In further accordance with Rule 34 of the Federal Rules of Civil Procedure, each objection must state whether any responsive materials are being withheld on the basis of that objection.

6.      If there are no Documents responsive to any particular request, the response shall state so in writing.

7.      In the event that any Document called for by these Requests is withheld on the basis of a claim of privilege or immunity, that Document is to be identified as required by Local Civil Rule 26.2.

8.      Each request herein shall be construed independently. No request shall be construed by reference to any other request for the purpose of limiting the scope of the answers to such request.

9.      Pursuant to Rule 34(b) of the Federal Rules of Civil Procedure, You shall produce responsive Documents as they have been kept in the usual course of business or shall organize

2

and label them to correspond to the enumerated requests of the demand.

10.    Documents, including ESI, will be produced pursuant to the ESI Protocol agreed to by the parties and/or ordered by the Court.

11.    These Requests shall be deemed continuing requests so as to require supplemental responses if You obtain or discover additional Documents between the time of initial production and the time of the trial. Such supplemental Documents must be produced promptly upon discovery. Plaintiffs specifically reserve the right to seek supplementary

## ITEMS TO BE PRODUCED

Please note that all documents requested below are for the time frame of **September 21, 2020** through **August 7, 2024.**  These requested documents are in respect to Meta, MMTLP, or other CUSIPs or legend identifiers pertaining to Meta or MMTLP.

Request 1:

All messages relating to the processing of orders of any type for shares Meta and/or MMTLP using FIX or binary protocol or any other protocol used for similar purposes, in the original format the data was saved, including but not limited to client's MPID and short indicator marking, received by Nasdaq from a client broker-dealer of Nasdaq and sent by Nasdaq to a client broker-dealer of Nasdaq.

1

# Exhibit C

 **Nasdaq**                                                    805 King Farm Blvd, Rockville MD 20850 USA | Nasdaq.com

April 17, 2025

***Via E-mail (CBrust@rssblaw.com)***

Clayton P. Brust
Robison, Sharp, Sullivan & Brust
71 Washington St
Reno, Nevada 89503

Re:    <u>In re Meta Materials, Inc., U.S. Bankruptcy Court Case No. 24-50792-hlb –
          Subpoena to Produce Documents and for Rule 2004 Examination</u>

Dear Mr. Brust:

The Nasdaq Stock Market, LLC ("Nasdaq") is in receipt of the subpoena in the above-referenced matter, dated April 8, 2025 (the "Subpoena"). The Subpoena requests from Nasdaq, a non-party, from September 21, 2020 through August 7, 2024, documents and testimony concerning "[a]ll messages relating to the processing of orders of any type for shares Meta and/or MMTLP using FIX or binary protocol or any other protocol used for similar purposes, in the original format the data was saved, including but not limited to client's MPID and short indicator marking, received by Nasdaq from a client broker-dealer of Nasdaq and sent by Nasdaq to a client broker-dealer of Nasdaq." We object to the Subpoena as seeking information that is not in Nasdaq's possession, custody, or control as well as imposing an unreasonable and undue burden on a non-party, and on the grounds set forth below.

1.      We object to the Subpoena to the extent it imposes an undue burden on a non-party, and to the extent the Subpoena's requests are overly broad, unduly burdensome, or not proportional to the needs of the case. More specifically, we object to the Subpoena to the extent it (a) requests information that is not reasonably available from Nasdaq's current systems and is not within Nasdaq's custody or control, (b) requests information that is otherwise available from broker-dealers; and (c) provides an insufficient period of time for production. Nasdaq does not have the "messages" sought for "Meta and/or MMTLLP." In addition, MMTLP was not a Nasdaq-listed security at any point during the time frame requested, and MMAT was a Nasdaq-listed security only for a portion of the time frame requested—from June 28, 2021 until it was delisted on August 21, 2024.

2.      We object to the Subpoena to the extent it does not identify the documents sought with sufficient particularity and is overbroad, unclear, vague and ambiguous.

Clayton P. Brust
April 17, 2025
Page 2

3.      We object to the Subpoena to the extent it calls for the production of
computer backup files, and of electronically stored information that is not
reasonably accessible, because such requests are unduly burdensome.

We reserve the right to supplement these objections with further deficiencies or objections as
appropriate.  We remain available to meet and confer to discuss the Subpoena, and if you
would like to discuss, please reach out to schedule a mutually convenient time for a call.

Sincerely,

Joanne Pedone
Principal Associate General Counsel

# Exhibit D

## ITEMS TO BE PRODUCED

Please note that all documents requested below are for the time frame of **September 21, 2020** through **August 21, 2024**. These requested documents are in respect to MMTLP, MMAT, TRCH, or other CUSIPs or legend identifiers pertaining to Meta Materials, Inc. (together, "Meta").

Request 1:

All relevant records retained by Nasdaq in the course of conducting its business and/or fulfilling its compliance obligations related to the processing of orders of any type for shares in Meta using FIX or binary protocol or any other protocol used for similar purposes, in the original format the data was saved, including but not limited to symbol, cusip, order type, side (e.g. buy or sell), short indicator marking, quantity, limit price (if applicable), stop limit price (if applicable), time-in-force, client's MPID, Nasdaq order identifier, customer order identifier (if applicable), account identifier (if applicable), order modifiers, and any additional order instructions, for order and execution messages received by Nasdaq from a customer or broker-dealer client of Nasdaq and/or sent by Nasdaq to a customer or a broker-dealer client of Nasdaq. The records requested should include, but not be limited to, electronically-stored records that fulfill Nasdaq's regulatory and compliance obligations to retain customer and firm order and execution records as required of Nasdaq in its capacity as a national securities exchange. See Securities Exchange Act Section 17a-1.

# Exhibit E

 **Nasdaq**

805 King Farm Blvd, Rockville MD 20850 USA | Nasdaq.com

April 17, 2025

*Via E-mail (dburnett@schneiderwallace.com)*

David D. Burnett
Schneider Wallace Cottrell Kim LLP
1050 30th Street NW
Washington, DC 20007

Re:     In re Meta Materials, Inc., U.S. Bankruptcy Court Case No. 24-50792-hlb –
        Subpoena to Produce Documents and for Rule 2004 Examination

Mr. Burnett:

The Nasdaq Stock Market, LLC ("Nasdaq") is in receipt of the subpoena in the above-referenced matter, dated April 8, 2025 (the "Subpoena").  Without waiving any of the objections to the Subpoena as stated in Nasdaq's April 17, 2025 letter, or in subsequent email communications, Nasdaq makes the within production of data using query dates from 2021-06-15 through 2021-12-15.  Note that the data reflects the merger of Torchlight Energy Resources (TRCH) with Metamaterials Inc. (MMAT) that occurred on 2021-06-28.  As previously stated, MMTLP was not a Nasdaq-listed security at any point during the time frame requested.  The data is available at the following link, and the password will follow by a separate email.

https://nasdaq.egnyte.com/fl/XTThWgxj7HK9

Sincerely,

*Joanne Pedone*

Joanne Pedone
Principal Associate General Counsel